CLARK, J.,
dissents for the reasons assigned by Justice Guidry and assigns additional reasons.
hi respectfully dissent from the majority opinion for the reasons assigned by Justice Guidry. I write separately to point out that the majority’s decision does not comport with the Court’s recent decision in Dupuy v. NMC Operating Co., L.L.C., 15-1754 (La. 3/15/16), 187 So.3d 436, where we held a hospital’s negligence in maintaining and servicing equipment utilized in the sterilization of surgical instruments fell within the Louisiana Medical Malpractice Act, despite the fact the negligence occurred before the patient entered the hospital and the sterilization procedure was not performed by a physician but by plant operations. In my opinion, exposing patients to an allegedly unqualified, although licensed, physician with emergency department privileges, due to the negligent credentialing by the hospital, is even more fundamentally related to medical treatment and the rendering of professional services by the provider than exposing the patients to unsterilized medical equipment.
| {¡Furthermore, I believe the majority’s decision to exclude negligent credentialing claims from the LMMA clearly conflicts with the purpose of the act, ie., to ensure the availability of safe and affordable health care services to the public and simultaneously limit the significant liability exposure of health care providers. See Hall v. Brookshire Bros., Ltd., 02-2404, pp. 9-10 (La. 6/27/03), 848 So.2d 559, 565 (citation omitted). Now, any medical malpractice plaintiff whose damages are capped under the act can assert a negligent credentialing claim arising from the same act of malpractice against the health care provider hospital for the same damages, which will be excluded from the cap. The majority’s holding will likely lead to more litigation, and undermine the stability and predictability afforded by the LMMA, further escalating health care costs. Such a result is clearly contrary to the legislative intent behind the act. See Oliver v. Magnolia Clinic, 11-2132, p. 8 (La. 3/13/12), 85 So.3d 39, 45.
Finally, I note that courts in other states with statutes similar to the LMMA have held negligent credentialing falls within the purview of their respective medical malpractice acts. See, e.g., Winona Memorial Hospital, Ltd. Partnership v. Kuester, 737 N.E.2d 824 (Ind. Ct. App. 2000); Garland Community Hospital v. Rose, 156 S.W.3d 541 (Tex. 2004); Bell v. Sharp Cabrillo Hospital, 212 Cal.App.3d 1034, 260 Cal.Rptr. 886 (Ct. App. 1989).